UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK PORTER,<br><br>        Plaintiff,<br><br>    v.<br><br>CONVERGENT MOBILE, INC., et al.,<br><br>        Defendants. | Case No. 16-cv-03312-EDL<br><br>**ORDER DENYING REQUEST TO SHORTEN TIME**<br><br>Re: Dkt. No. 8 |

Before the Court is Plaintiff's Motion to Shorten Time for the briefing and hearing schedule for Plaintiff's Motion for Writ of Attachment of Sale Proceeds. For the reasons described below, the Court DENIES Plaintiff's motion.

## I. BACKGROUND

Plaintiff Mark Porter ("Plaintiff"), an alleged co-founder and 7.5% shareholder in Defendant Convergent Mobile, Inc. ("Defendant Convergent") filed a complaint on June 15, 2016, contending that Defendant Convergent, along with director and shareholder Matthew Breen ("Defendant Breen") and director and shareholder Krishna Pillai ("Defendant Pillai") are liable for breach of fiduciary duty, dilution of stock, fraudulent concealment, and breach of contract as a result of, <u>inter alia</u>, their plan to provide Plaintiff with less than 1% of the proceeds from the upcoming sale of Defendant Convergent to Smartxlabs Fund I LP and Smartxlabs ESG Fund I L.P. Plaintiff also seeks a declaratory judgment. In addition to Defendants Convergent, Breen, and Pillai, Plaintiff has named Smartxlabs Fund I LP and Smartxlabs ESG Fund I L.P. as "Rule 19 Defendants."

## II. MOTION TO SHORTEN TIME

Plaintiff now moves to shorten the briefing and hearing schedule for Plaintiff's Motion for Writ of Attachment of Sale Proceeds pursuant to Civil Local Rule 6-3. He argues that, if the

Motion to Shorten Time is not granted,

> Based on the timeline provided by [Defendant Convergent], the hearing would occur after the closing, which would result in the distribution of the sale proceeds that Mr. Porter would be lawfully entitled to if the court determines that Mr. Porter owns 7.5% of CMI's stock. In order to avoid this inequitable result, Mr. Porter requests that the Court issue a writ of attachment encumbering $2,467,500 of the sale proceeds (above the $345,000 that CMI has represented it would pay to Mr. Porter) and that the motion be heard on an expedited basis.

(Dkt. 8, at 5.)

Defendants oppose the Motion to Shorten Time. In addition to noting Plaintiff's failure to comply with several local rules, they argue that: (i) Plaintiff has not shown that he will suffer substantial harm or prejudice if the Motion to Shorten Time is denied because he waited almost a month to file the instant motions, and because he failed to establish that attachment cannot occur after the sale takes place; and (ii) the expedited schedule will impose a heavy burden on Defendants and the Court because determination of the Motion for Writ of Attachment will depend on whether Plaintiff's claims have probable validity, which will require the Court to weigh competing evidentiary submissions.

## III.   LEGAL STANDARD

Pursuant to Civil Local Rule 6-3, a motion to shorten time must be accompanied by a declaration that:

> (1) Sets forth with particularity, the reasons for the requested enlargement or shortening of time; (2) Describes the efforts the party has made to obtain a stipulation to the time change; (3) Identifies the substantial harm or prejudice that would occur if the Court did not change the time; (4) If the motion is to shorten time for the Court to hear a motion: . . . [d]escribes the nature of the underlying dispute that would be addressed in the motion and briefly summarizes the position each party had taken; (5) Discloses all previous time modifications in the case, whether by stipulation or Court order; (6) Describes the effect the requested time modification would have on the schedule for the case.

Civ. L.R. 6-3; see also Golden Gate Pharmacy Servs., Inc. v. Pfizer, Inc., Case No. C-09-3854 MMC, 2009 WL 3415680, at *1 (N.D. Cal. Oct. 22, 2009) (denying request to shorten time for hearing on TRO where plaintiff failed to show substantial harm or prejudice in connection with corporate merger).

## IV. DISCUSSION

As an initial matter, Plaintiff's Motion to Shorten Time, as well as the accompanying declaration, violate several mandates of Rule 6-3, including: (i) failing to describe Plaintiff's efforts to obtain a stipulation to the time change; and (ii) **failing to describe the effect the requested time modification would have on the schedule for the case. The motion should be denied on this basis alone.** See Warren v. Reid, Case No. C 10-3416 SBA, 2010 WL 4694924, at *4 (N.D. Cal. Nov. 8, 2010) (denying Plaintiff's 6-3 motion because "[a] motion that fails to comply with the Court's Local Rules need not be considered by the Court." (citing Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 582 (9th Cir.2010)).

Even if the Court were to consider Plaintiff's request on the merits, Plaintiff has not established that he will suffer substantial harm or prejudice from compliance with the Court's ordinary briefing and hearing schedule. Plaintiff has made no showing that, following the sale, he will be unable to seize an amount sufficient to secure the satisfaction of the potential judgment: he has not alleged or shown that he will be unable to seize such an amount from the Rule 19 Defendants because he has not asserted that the proceeds of the sale will escape the Court's jurisdiction or otherwise become unattachable after the sale is complete, and he has not established his inability to seize such an amount from Defendant Convergent itself because he has not asserted that Defendant Convergent will have inadequate resources to satisfy the potential judgment. Plaintiff's assertion that allowing the sale proceeds to be distributed from Defendant Convergent to the Rule 19 Defendants constitutes an "inequitable result" is conclusory, and does not meet his burden to establish substantial harm or prejudice. See Civ. L.R. 6-3(a)(3).

Accordingly, Plaintiff's Motion to Shorten Time is DENIED. Plaintiff shall file his Motion for Writ of Attachment of Sale Proceeds as a regularly noticed motion.

**IT IS SO ORDERED.**

Dated: July 11, 2016

ELIZABETH D. LAPORTE
United States Magistrate Judge

3